UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANGELA MARIE HEIRTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 3:16CV600-PPS |
| | ) |
| NANCY BERRYHILL, Acting Commissioner | ) |
| of the Social Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Angela Marie Heirty appeals the Social Security Administration's final decision denying her application for disability benefits. That denial is the written decision of an Administrative Law Judge, entered after a hearing at which Heirty and her husband appeared and testified.[2]  [AR 15-27; AR 33-81.]   The ALJ found that Heirty, formerly a hospital nurse, has four severe impairments: degenerative disc disease of the lumbar spine, status post-fusion of the right sacroiliac joint, major depressive disorder, and generalized anxiety disorder. [AR at 17.] The ALJ concluded that Heirty's severe impairments do not conclusively establish disability by meeting or medically equaling the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. [AR at 18.] Based on the ALJ's findings as to Heirty's residual functional capacity as well as her age, education and work

---

[1] On January 23, 2017, Nancy Berryhill became the Acting Commissioner of Social Security. Fed.R.Civ.P. 25(d) provides for Berryhill's automatic substitution in place of her predecessor, Carolyn Colvin.

[2] The administrative record [AR] is found in the court record at docket entry 5, and consists of 664 pages. I will cite to its pages according to the Social Security Administration's Bates stamp numbers rather than the court's Electronic Case Filing page number.

experience, the ALJ concluded that Heirty can perform jobs that exist in significant numbers in the national economy, and that Heirty is not disabled. [AR at 26-27.]

Heirty asks me to reverse the ALJ's decision or remand the case for further proceedings by the Social Security Administration. My role is not to determine from scratch whether or not Heirty is disabled and entitled to benefits. Instead, my review of the ALJ's findings is deferential, to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Shideler v. Astrue,* 688 F.3d 306, 310 (7th Cir. 2012); *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). If substantial evidence supports the Commissioner's factual findings, they are conclusive. 42 U.S.C. §405(g). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In making a substantial evidence determination, I must review the record as a whole, but I can't re-weigh the evidence or substitute my judgment for that of the ALJ. *Id*. Heirty offers three specific challenges to the ALJ's decision.

**Analysis of Treating Physician's Opinion**

Heirty contends that the ALJ's reasons for not giving controlling weight to her treating physician's opinions are not supported by substantial evidence. [DE 7 at 12.] "While a treating physician's opinion is usually entitled to controlling weight, it must be 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and not contradicted by other substantial evidence." *Lloyd v. Berryhill*, ___ Fed.Appx. ___, 2017

2

WL 1240221 at *4 (7th Cir. April 3, 2017), citing 20 C.F.R. §404.1527(c)(2). If an ALJ chooses to reject a treating physician's opinion he has to give good reasons for doing so after considering the following factors:

> (1) whether the physician examined the claimant, (2) whether the physician treated the claimant, and if so, the duration of overall treatment and the thoroughness and frequency of examinations, (3) whether other medical evidence supports the physician's opinion, (4) whether the physician's opinion is consistent with the record, and (5) whether the opinion relates to the physician's specialty.

*Brown v. Colvin*, 845 F.3d 247, 252 (7th Cir. 2016). Heirty's argument centers on Dr. Mark Cantieri, her pain specialist, and contends that "[t]he ALJ failed to include the findings that supported Ms. Heirty's claim of disability, as well as misconstruing the nature of the treatment given, all indicative of severe limitations and consistent with Dr. Cantieri's opinions." [DE 7 at 13.]

At the time of the ALJ's decision, Dr. Cantieri had been treating Heirty for four years or more, and over that period had repeatedly certified her as unable to work. [*See, e.g.,* DE 291, 357, 358, 359.] From Heirty's brief, I have tried to identify the opinion or opinions of Dr. Cantieri she believes were wrongly assessed by the ALJ, as well as the statement or statements by the ALJ that Heirty believes were wrongly dismissive of Cantieri's opinions. Heirty points to Dr. Cantieri's January 22, 2013 "To Whom it May Concern" letter in which he describes her right-sided low back pain as "severe in nature and disabling." [AR at 255; DE 7 at 4.] Dr. Cantieri's January 22 letter also says Heirty is "unable to perform her duties as a nurse and is totally disabled," and that he believes the disability "is most likely to continue for the next 6 months." [*Id.*] Heirty's recap of Dr. Cantieri's treatment [DE 7 at 4]

3

also refers to his May 2, 2013 letter in which the doctor writes that, as of that time, Heirty "has been unable to return to work due to her disability." [AR at 357.]

These disability "opinions" appear in brief, three-sentence letters, and are not supported by a detailed explanation of the medical basis for the conclusion. The text of each refers only to pain as the basis for Heirty's inability to work. By their terms, none of these three "opinions" expresses a conclusion that Heirty is permanently disabled. The weakness of these opinions suggests that Heirty's argument is largely an attempt to shoehorn her case into helpful Seventh Circuit precedent about treating physician opinions.

The ALJ considered both of these "reports" of Dr. Cantieri's, as well as two earlier short-term excuses from work Cantieri had written in November and December 2012. [AR at 25, 358, 359.] Addressing any suggestion that Dr. Cantieri believed Heirty to be unable to work, the ALJ explains that he "gives little weight to the opinions of Dr. Cantieri, as they are inconsistent with the record." [*Id.*] Portions of the medical record are cited by the ALJ as inconsistent with Dr. Cantieri's barebones disability conclusion. These include treatment notes the ALJ characterizes as indicative that Heirty was receiving only conservative care and had diagnostic findings that showed only "mild degenerative changes." [AR at 25, citing AR at 262, 299, 304 and 483.] The ALJ also noted that Heirty "had essentially normal clinical findings as well at the consultative examination with nothing showing nerve impingement of the leg and no requirements for an assistive device." [AR at 25, citing AR at 361-370.] The ALJ also found Cantieri's conclusions inconsistent with Heirty's decrease in pain after a hip fusion in November 2013 [AR at 25, citing AR at 568, 594], and treatment

4

notes reflecting pain relief through injections and medication [AR at 25, citing AR at 609, 635].

As Heirty points out, the medical record contains other indications that her pain continued despite the hip fusion and other treatments she received. [*E.g.*, A.R. at 605, 613, 618, 622 and 639.] The ALJ's report acknowledges these portions of the medical record. [AR at 23.] Nonetheless, the lack of *objective* medical evidence supported the ALJ's refusal to follow Dr. Cantieri's disability opinion, and that factor, adequately explained by the ALJ in his decision, constitutes a good reason for the weight the ALJ assigned Dr. Cantieri as a medical source. 20 C.F.R. §404.1527(c)(2). Heirty's argument essentially asks me to second-guess the ALJ and re-weigh the persuasiveness of Dr. Cantieri's assertions of temporary disability against certain aspects of the medical record. [DE 7 at 13.] But that is not my role on appeal. Instead, "[b]ecause the ALJ examined the pertinent evidence and reached a conclusion substantially supported by that evidence," I cannot overturn that conclusion. *Lloyd*, 2017 WL 1240221 at *4. Heirty fails to demonstrate reversible error in the ALJ's analysis of Dr. Cantieri's views.

**Migraine Headaches**

Heirty next contends that the ALJ's decision is not supported by substantial evidence because he failed to consider the impact of her migraine headaches, which are frequent enough to cause a rate of absenteeism that the vocational expert testified would preclude competitive employment. [DE 7 at 17; AR at 79.] I am persuaded that the ALJ's decision

5

does not adequately address Heirty's headache problems, after identifying migraine headaches as a "non-severe" impairment.

In determining Heirty's impairments, the ALJ acknowledged that Heirty was treated for migraine headaches by a neurologist. [AR at 18.] The ALJ notes that the neurologist diagnosed Heirty as having chronic migraine and prescribed her medication, which she reported a year later had lost its effectiveness, resulting in migraines occurring 3 to 4 times a month. [*Id.*] At the hearing Heirty testified that the migraines were down to 1-2 per month but when they occurred they put her "down for at least a day" each time. [AR at 60.] This is important because the vocational expert testified that being off work two days per month on an ongoing basis would mean a "person can't sustain competitive employment." [AR at 79.].

Despite this testimony and despite the ALJ's earlier acknowledgment of Heirty's history of migraines and treatment for them, his decision literally does not mention headaches again – not in his analysis of the combined effect of Heirty's various impairments [AR at 18], nor in his explanation of his residual functional capacity determination [AR at 20-25], including his discussion of Heirty's credibility [AR at 24].
This was an error. "When determining an individual's RFC, the ALJ must consider all limitations that arise from medically determinable impairments." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). Heirty's migraine headaches were earlier recognized as a non-severe impairment, and "should have been considered in concert with [Heirty's] other impairments to determine their collective effect on her ability to work." *Id*.

6

"Although the ALJ was not required to mention every piece of evidence, providing 'an accurate and logical bridge' required him to confront the evidence in [Heirty's] favor and explain why it was rejected before concluding that her impairments did not impose more than a minimal limitation on her ability to perform basic work tasks." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016).  The ALJ's failure to fully address the impact of Heirty's migraine headaches on her ability to maintain employment means that his ultimate conclusion that Heirty is not disabled was, at least in that respect, not supported by substantial evidence.  "Without any evidence that the ALJ considered [Heirty's] impairments in concert, [I] cannot say that the ALJ built the required 'accurate and logical bridge' between the evidence and [his] conclusion."  *Thomas*, 745 F.3d at 807.

"A failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419, 424 (7th Cir. 2010).  I offer no view as to whether consideration of Heirty's migraine headaches will compel a finding of disability, but only that the lack of analysis of that impact, when the medical and factual evidence and vocational testimony suggest a substantial one, requires further consideration by the Commissioner.  On that basis, I will reverse the Commissioner's decision to deny benefits and remand for further proceedings consistent with this opinion.

## Conclusion

In reviewing the ALJ's decision, I "may not decide facts anew or make independent credibility determinations, and must affirm the ALJ's decision even if reasonable minds could differ about the ultimate disability finding."  *Brown v. Colvin*, 845 F.3d 247, 251 (7th

7

Cir. 2016).  Nonetheless the decision here must be reversed and remanded for further consideration on the issue discussed above. As explained above, it is not clear that substantial evidence supports the ALJ's determination because of the omission of analysis of claimant Heirty's migraine headaches and their impact on her ability engage in substantial gainful activity. One other matter: I have chosen not to address Heirty's final argument, the one concerning the ALJ's credibility determinations. The ALJ can consider that issue on remand.

**ACCORDINGLY:**

Pursuant to sentence four of 42 U.S.C. §405(g), the final decision of the Commissioner of Social Security denying plaintiff Angela Marie Heirty's application for disability benefits is REVERSED, and the matter is remanded for further proceedings consistent with this opinion.

The Clerk shall enter judgment in favor of plaintiff and against defendant.

**SO ORDERED**.

ENTERED: July 28, 2017

/s/ Philip P. Simon
**UNITED STATES DISTRICT JUDGE**